*Modified.*

---

UNITED STATES v. SEEMAN BROS. (No. 2658); SEEMAN BROS. v. UNITED STATES (No. 2660)[1]

1. PARAGRAPH 1682, TARIFF ACT OF 1922—TEA CONTAINERS AND WRAPPINGS— SHEET LEAD.

The provision of paragraph 1682, Tariff Act of 1922, that "all cans, boxes, and other immediate containers, including paper, and other wrappings of tea * * * shall be dutiable at the rate chargeable thereon if imported empty," is not limited to such as would be containers if imported empty. It includes sheets of lead made into containers at the time of being filled with tea in such fashion that they would have no existence as containers after the removal of the tea. If imported empty, they would be lead in sheets, and they are dutiable as such under paragraph 393.

[1] T. D. 41491.

2. RELATIVE SPECIFICITY—LEAD IN SHEETS—MANUFACTURES OF LEAD—TEA
WRAPPINGS.

Sheets of lead in which tea is wrapped are more specifically provided for by
paragraph 393, Tariff Act of 1922, as "lead in sheets" than by paragraph 399,
as "articles or wares * * * of * * * lead," even if they are such
articles or wares.

### United States Court of Customs Appeals, March 27, 1926

APPEALS from Board of United States General Appraisers, G. A. 9020 (T. D. 40992)

[Affirmed.]

*William W. Hoppin* and *Charles D. Lawrence,* Assistant Attorneys General
(*Fred J. Carter* and *William H. Futrell,* special attorneys), for the United States.
*Sharretts, Coe & Hillis* (*Edward P. Sharretts* of counsel) *contra.*

[Oral argument January 22, 1926, by Mr. Carter and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

These are cross-appeals from a judgment of the Board of General
Appraisers sustaining the amended protests of the importers in which
it was claimed that lead wrappings or containers of tea were dutiable
at 2⅜ cents per pound as lead in sheets under paragraph 393 of the
Tariff Act of 1922, which reads as follows:

PAR. 393. Lead bullion or base bullion, lead in pigs and bars, lead dross,
reclaimed lead, scrap lead, antimonial lead, antimonial scrap lead, type metal,
Babbitt metal, solder, all alloys or combinations of lead not specially provided
for, 2⅛ cents per pound on the lead contained therein; lead in sheets, pipe, shot,
glazier's lead, and lead wire, 2⅜ cents per pound.

The tea imported in the lead containers was admitted free of duty
under paragraph 1682 of the Tariff Act of 1922, the pertinent part of
which reads as follows:

PAR. 1682 Tea not specially provided for, and tea plants: *Provided,* That all
cans, boxes, and other immediate containers, including paper, and other wrappings
of tea in packages of less than five pounds each, and all intermediate containers
of such tea, shall be dutiable at the rate chargeable thereon if imported empty:
* * *

The lead containers were assessed for duty by the collector at 40
per centum ad valorem under paragraph 399 of the Tariff Act of 1922,
the material part of which reads as follows:

PAR. 399. Articles or wares not specially provided for, * * * if com-
posed wholly or in chief value of * * * lead, * * * whether partly or
wholly manufactured, 40 per centum ad valorem.

It was claimed in the amended protests that the lead containers or
wrappings were free of duty under paragraph 1682, *supra,* or dutiable
either at 2⅛ cents per pound or at 2⅜ cents per pound under para-
graph 393, *supra.*

It appears from the record in the case that when lead is to be used
as wrappings or containers of tea it is purchased in the form of

sheets. The sheets are cut to the desired sizes and made up into containers in substantially the following manner: A sheet of lead is wrapped around a tin mold and folded together at the lower end; the mold is then placed in a wooden form, the tea is weighed and poured into the mold, where it is pressed and packed to the desired size; the mold is then removed and the lead at the upper end of the package is turned in and folded. Labels are then placed over the folded ends in order to keep the package intact.

The Board of General Appraisers held that the articles in question were containers of tea and, if imported empty, would be in sheet form and dutiable as lead in sheets.

It is claimed by the Government that the merchandise is no longer lead in sheets, "but that it has been converted into articles made from lead, viz: *containers;*" and that, as imported merchandise is required to be classified in the condition in which it is imported, the articles in question were properly classified by the collector as manufactures of metal under paragraph 399, *supra.*

It is contended by counsel for the importers that the articles in question are free of duty as the usual and necessary coverings for tea; that paragraph 1682, *supra,* was intended to make dutiable only such containers or wrappings as "would have an existence in commerce in the form of empty containers;" that if these containers are not free of duty they are dutiable either as scrap lead or lead in sheets under paragraph 393, *supra.*

Paragraph 1682, *supra,* provides for the free entry of tea not specially provided for, and tea plants. It also provides that "all cans, boxes, and *other immediate containers, including paper,* and *other wrappings* of tea in packages of less than 5 pounds each, and all intermediate containers of such tea, shall be dutiable at the rate chargeable thereon if imported empty." (Italics ours.)

It will be observed that the provision in question is not limited to containers in the form of cans, boxes, or bags, but includes *wrappings* of tea. Moreover, such containers or wrappings are made dutiable, not in the *form* or *condition* in which they are imported as such containers, but at the "rate chargeable thereon if imported empty;" that is, if imported when not *in use* as containers. If "wrappings of tea" were imported empty, according to the argument of counsel for the importers, they would not be in the form of containers, and, therefore, not within the provision in question. The language of the statute is not open to this construction. A wrapping is "That in which anything is wrapped." Funk & Wagnalls New Standard Dictionary. The same authority defines the verb wrap, as follows:

1. To fold, roll, or draw together, as a cloth or flexible fabric, so as to enclose or protect something; generally with *about* or *around;* as, to *wrap* a shawl or cloak *about* one. 2. To surround and cover by winding or folding; * * *

Obviously, materials suitable for use as wrappings of tea would not be in the form of cans, or boxes.

The lead wrappings or containers of tea in question were in the form of sheets prior to their use as such containers, and, if imported separately from the tea, that is, when not in use as such containers, they would, undoubtedly, come within the statutory description of lead in sheets. Lead in the form of sheets is *eo nomine* provided for in paragraph 393, *supra,* and even if it could be said that lead in this form is provided for in paragraph 399, *supra,* it is, nevertheless, more specifically provided for at two and three-eighths cents per pound under paragraph 393, *supra.*

We concur in the conclusion reached by the court below, and its judgment is *affirmed.*